RIVERA, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 501.—Decided July 26, 1921.

RECORD OF TITLE—PUBLIC DEED—SIGNATURE.—A public deed is not void because one of the parties did not write out upon signing the same all of the names and surnames which the notary used in describing him, inasmuch as the certificate of the notary must be considered. If the signature was the usual signature of the party the document is valid and it should not be concluded that the signer was not the grantor.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The note of the registrar refuses the record substantially on the ground that while the vendor is described in the deed as Manuel Víctor Paradís y Nazario, the signature to the deed

shows the name of Víctor E. Paradís, a person, according to the registrar, distinct from the grantor, and section 20 of the Notarial Law is relied on.   The note, however, is not limited to this alleged defect.   The registrar holds that the defect was incurable and refused to consider an explanatory deed. In the latter the vendor explained that he was accustomed to sign his name commercially as Víctor E. Paradís, but that his true name was Manuel Víctor Paradís Nazario.

Section 20 of the Notarial Law provides that the following public instruments shall be null and void:

"Third. Those   *   *   *   where the signature of the parties * * * do not appear."

Perhaps the registrar would be a little doubtful whether the signature was that of the vendor, but he should in any event have recorded the deed with a curable defect for reasons that will appear, and this without considering the explanatory deed.

The Mortgage Law, section 2, provides for the record of deeds conveying or declaring the ownership of real property or of property rights therein.   Was the deed in question of such a nature?   Plainly it was if Manuel Víctor Paradís y Nazario was bound by his appearance before the notary and his signing the deed.   If he acknowledged and signed the deed before the notary, then he effectively conveyed his interest to the purchaser and it makes no difference whether his signature differed from his given names, especially if it was a customary signature.   See 36 Cyc. 448 *et seq.,* and *Sheehan* v. *Kearney,* 35 L. R. A. 102.   The Notarial Law speaks of the absence of signatures, but says nothing about a party signing by a signature which does not conform literally to the given names, or which is a nickname.   The principal thing as the appellant points out, is that the notary should certify to the parties and that was done in the usual way by the notary in this case.   The vendor, in his signature,

dropped one of his given names and used the initial of his other given name. He was probably known most familiarly as Víctor Paradís and "Víctor" and "Paradís" appear not only in his real name but in the signature appended to the deed.

Even if the registrar was doubtful whether the notary knew his business and was perhaps certifying to the wrong person, all such doubt should have vanished on the presentation of the explanatory deed. The deed was a valid one and conveyed the interest of Manuel Víctor Paradís y Nazario and that he was the person who appeared before the notary was cleared up beyond a peradventure.

The note must be reversed and the record made.

*Reversed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.